THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
RAFAEL GRANADO PEREIRA, Defendant and Appellant.

No. 8077. Argued April 8, 1940.—Decided April 15, 1940.

*M. Cruz Horta* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

Rafael Granado Pereira was convicted of a breach of the Automobile Act and on October 25, 1938, was sentenced in the District Court of San Juan to eight months in jail. He appealed on the following day to this court and on the 26th of January last the prosecuting attorney of this court moved to dismiss the appeal on the ground of abandonment. The motion to dismiss was accompanied by a certificate issued by the clerk of the lower court on June 27, 1939, to the effect that on November 22, 1938, the defendant and appellant was granted thirty days for filing the transcript of the evidence, and ever since until the certificate was issued he has failed to file any motion for extension, nor has he filed a transcript of the evidence or statement of the case. On the 29th of last month, more than three months after the filing of the motion to dismiss, the defendant filed a motion in which he seeks to have the case reinstated in the lower court and a new trial. It is set forth in said motion that the stenographer who took down the proceedings had died (without stating the date), and that for such reason no transcript of the evidence can be prepared, nor a bill of exceptions or statement of the case in substitution of the former, as allowed under section 356 of the Code of Criminal Procedure, because Attorney Gustavo Cruzado Silva, who defended him at the trial, does not remember the evidence heard. There is offered as an exhibit, but without enclosing the same, an affidavit of Attorney Cruzado Silva, and although the attorney who subscribes the motion states that in his opinion the defendant has a meritorious defense, no facts are alleged either from which this court might weigh such merits.

Apart from the provisions of section 356, *supra,* supposing we had discretion to grant the remedy sought, the defendant has not made a case deserving the exercise by us of the alleged discretion in his favor. As we have observed, it appears from the record that on October 26, 1938, the notice of appeal was filed and that after November 22 of the same

year, when the defendant obtained on motion the thirty-day extension already referred to, he failed to take any steps to keep the appeal alive, and it was not until February 17, 1940, more than a year after the expiration of the term to file the transcript and almost a month after the filing by the prosecuting attorney of this court of a motion to dismiss the appeal, that the defendant moved the lower court for a new trial on the ground that the death of the stenographer prevented him from preparing a transcript, which transcript he was unable to file because of the expiration on December 26, 1938, of the only extension which he secured on motion to that effect.

Under such circumstances, the motion for a new trial and reinstatement of the case shall be denied and the appeal dismissed, as moved by the prosecuting attorney, on the ground of abandonment.